**CT Corporation**

**Service of Process Transmittal**
10/19/2020
CT Log Number 538414692

TO: Denise Skogstrom
Brightview Companies
980 JOLLY RD STE 300
BLUE BELL, PA 19422-1904

RE: **Process Served in Tennessee**

FOR: Brightview Landscape Development, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | ELIZABETH MOORE and JAMES B. MOORE, Pltfs. vs. BRIGHT VIEW HOLDINGS, INC., et al., Dfts. // To: Brightview Landscape Development, Inc. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # CT416120 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Process Server on 10/19/2020 at 07:31 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/19/2020, Expected Purge Date: 10/24/2020<br><br>Image SOP<br><br>Email Notification, Denise Skogstrom denise.skogstrom@brightview.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| For Questions: | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of 1 / MZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-4161-20   ☒ Lawsuit   ☐ Divorce   Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ELIZABETH MOORE and JAMES B. MOORE | VS | BRIGHTVIEW HOLDINGS, INC.; BRIGHTVIEW ENTERPRISE SOLUTIONS, LLC; BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC.; BRIGHTVIEW LANDSCAPE SERVICES, INC.; and BRIGHTVIEW LANDSCAPES, LLC; |

TO: (Name and Address of Defendant (One defendant per summons))

BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC.
c/o CT Corporation System, Agent for Service
300 Montvue Road
Knoxville, TN 37919

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☒ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Ben L. Daniel, Daniel Law Firm  Plaintiff's attorney, whose address is 145 Court Ave #201, Memphis, TN 38103

telephone 901/525-5555   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  10/7/2020   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of ____ OCT 19 2020 ___ 20__ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant

at Brightlee ............

REFUGED

Signature of person accepting service

By: N. Baird

Sheriff or other authorized person to serve process

---

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ 20___

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELIZABETH MOORE and
JAMES B. MOORE,

    Plaintiff,

vs.

CT- 4/2*e*/-20 Div. II
JURY DEMAND

BRIGHTVIEW HOLDINGS, INC.;
BRIGHTVIEW ENTERPRISE
SOLUTIONS, LLC; BRIGHTVIEW
LANDSCAPE DEVELOPMENT, INC.;
BRIGHTVIEW LANDSCAPE SERVICES,
INC.; AND BRIGHTVIEW LANDSCAPES, LLC;

    Defendants.



FILED
OCT 07 2020
CIRCUIT COURT CLERK
BY_____ D.C.

## COMPLAINT

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE:

COMES NOW your Plaintiffs, Elizabeth Moore and James B. Moore, and sue the Defendants BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC, for her cause of action and would show to the Court as follows:

## JURISDICTION AND VENUE

1. This Complaint is for damages sustained by Plaintiff, Elizabeth Moore and James B. Moore, as the direct and proximate result of a fall occurring in Memphis, Shelby, Tennessee, on the 22nd day of November 2019. Jurisdiction is conferred upon this Honorable Court by virtue of Tennessee Code Annotated §16-10-101. This Honorable Court is the proper forum with respect to venue as prescribed by Tennessee Code Annotated §20-4-101, in so much as the cause of action arose in Shelby County, Tennessee, and in so much as the Defendants are doing business in Memphis, Tennessee.

## PARTIES

2. Elizabeth Moore and James B. Moore are resident citizens of Memphis, Shelby, Tennessee, residing at 292 Ridgefield, 38111.

3. BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC are foreign entities, authorized to do and doing business in Memphis, Shelby County, Tennessee, whose principal offices are located at 980 Jolly Road Suite 300, Blue Bell, PA 19422, and whose registered agent for service is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

## FACTS AND ACTS OF NEGLIGENCE

4. That on or about the 22nd day of November 2019, Plaintiff Elizabeth Moore was on the property of FedEx World Headquarters located at 3610 Hacks Cross Road in Memphis, Shelby County, Tennessee. While Plaintiff was entering a building on the property, she tripped and fell on a sprinkler head that was protruding from the ground approximately 8 inches adjacent to the intersection of paved walkways. The area was dark and unlit, and the sprinkler head was also dark and impossible to see. Plaintiff's foot caught onto the sprinkler head, causing her to fall forward face first onto the pavement as she was unable to break her fall. Plaintiff's face hit the pavement, causing serious and permanent injuries to her face and chin. There was no warning sign in the area. That said premises Plaintiff was patronizing were in a dangerous condition, and that said dangerous condition caused Plaintiff's serious injuries. That Defendants had actual and constructive notice of this dangerous condition and had failed to do anything to correct said dangerous condition. Defendants were responsible for designing and maintaining the property's landscape and the landscape equipment including the irrigation systems on the property. The sprinkler head was placed in a position adjacent to two sidewalks where people are known to walk. The sprinkler head was raised up – the fall occurred in November therefore Defendants had months to discover the negligent malfunction of its own equipment.

## FIRST CAUSE OF ACTION

## VIOLATION OF COMMON LAW NEGLIGENCE

5. That the actions of the Defendants were the proximate cause of this accident and that they were guilty of one or more of the following acts of common law negligence which were the proximate cause of the injuries to the Plaintiff:

a) That the Defendants, by and through their agents, servants and/or employees failed to maintain the premises in a safe and prudent manner, whereby promoting a proper and safe place for the patrons lawfully upon the premises.

b) That the Defendants failed to exercise reasonable and ordinary care in the design, inspection, and maintenance of said premises when they knew or should have known that same was in poor condition.

c) That the Defendants were guilty of negligence in that they carelessly failed to exercise due care and caution required of a reasonable prudent businessperson under the same or similar circumstances.

d) That the Defendants were guilty of negligence in that they failed to inspect said premises after actual or constructive notice was given as to their dangerous state.

e) That the Defendants were negligent in that their negligent conduct, by and through their agents, servants and/or employees resulted in the existence of a dangerous condition and an unreasonable risk of harm to the Plaintiff.

f) That the Defendants, by and through their agents, servants and/or employees, failed to take the affirmative duty to take reasonable steps to inspect the premises for the dangerous condition, and to keep the premises in a safe condition.

g) That the Defendants, by and through their agents, servants and/or employees, knew or should have known of the hazardous condition which is the subject of this lawsuit, and with this actual or constructive notice should have warned the Plaintiff of the hazardous and dangerous condition.

## SECOND CAUSE OF ACTION

6. That the Defendants, engaged in the business of landscape property design/maintenance are strictly liable for injuries resulting from the dangerous condition which existed on the premises and such was the direct and proximate cause of the injuries and the damages to the Plaintiff in the following particulars:

a) That the Defendants engaged as the party responsible for maintenance and care of the landscaping and irrigation system(s) on the premises located at 3610 Hacks Cross Road, Memphis, Shelby County, Tennessee, are liable for injuries proximately caused by a defect in the premises and the injuries resulting from the use of the premises by the Plaintiff was reasonably foreseeable by the Defendants.

b)  That the Defendants knew the premises were unsafe and that they were not safe as an ordinary invitee would expect when used in an intended and reasonably foreseeable manner.

c)  That the defect is one that was hidden at the time or may not be understood or readily apparent to the ordinary prudent person.

d)  The Defendants had a duty to perform reasonable inspections to the premises and to inform the Plaintiff of the dangerous conditions.

e)  The Defendants had a duty to warn Plaintiff and others in her position of dangerous conditions and failed to do inform Plaintiff of the dangerous conditions.

## THIRD CAUSE OF ACTION

7. That the Defendants engaged as the party responsible for maintenance and care of the landscaping and irrigation system(s) on the premises located at 3610 Hacks Cross Road, Memphis, Shelby County, Tennessee, and engaged in the business of maintaining said property, are negligent per se, for violations of building, health and safety codes. The injuries were the direct result of failure to comply with the codes, and such was the direct and proximate cause of the injuries and damages to the Plaintiff in the following particulars:

a)  That there was a duly enacted code, statute, or ordinance, which covered the building or conditions at that time.

-6-

  b) The premises, on which the accident occurred, did not conform to the requirements set forth in the code, statute, or ordinance, and resulted in a defective or dangerous condition.

  c) The dangerous condition proximately caused the Plaintiff's injuries.

  d) It was the express intent of the code, statute, or ordinance, to protect the Plaintiff and others in her class, from dangerous conditions that caused her injuries.

## **FOURTH CAUSE OF ACTION**

## **RES IPSA LOQUITUR**

8. The Plaintiff does not propose to be bound by her specific allegations of negligence as set forth herein above, but rather in connection therewith and alternatively relies upon general allegations as to the cause of the fall upon the theory of Res Ipsa Loquitur. The premises located at 3610 Hacks Cross Road, Memphis, Shelby County, Tennessee, and its operation was under the management and control of the Defendants at the time of the fall. The fall was not one that in the ordinary course of events occurs, and if the Defendants, who had the management and control of said premises, had used the care required by law towards persons in the class of the Plaintiff, the fall, together with the resulting injuries and damages would not have occurred. The circumstances afford enough evidence in the absence of explanation that the fall arose from want of ordinary care upon the part of the Defendants. Such negligence was the proximate cause of the injuries sustained by Plaintiff and the damages resulting.

## FIFTH CAUSE OF ACTION

### DAMAGES

9.      The Plaintiffs, Elizabeth Moore and James B. Moore, incorporate by reference, the allegations contained herein above as fully as though the same were set forth at length and in full verbatim and hereby states that as the proximate and direct result of the negligence and illegal acts of the Defendants, BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC, Plaintiffs have suffered the following damages:

   a)   Numerous serious, painful, and permanent injuries.

   b)   Necessary medical treatment promulgated by health care providers.

   c)   The Plaintiff has endured pain and suffering and will continue to do so in the future.

   d)   The expenses of health care providers, certain pharmaceutical products and medicines prescribed by physicians, which were reasonable and necessary certain transportation expenses to and from certain health care providers, which were reasonable and necessary, and other certain out-of-pocket expenses, the nature and amount of yet to be determined.

   e)   Loss of consortium.

## SIXTH CAUSE OF ACTION

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY REQUEST:

10. Plaintiff Elizabeth Moore demands judgment against the Defendants BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC, in the amount of $500,000.00, consequential, incidental damages, but not limited to:

   a) Medical expenses – past, present and future
   b) Loss of wages -- past, present and future
   c) Loss of earning capacity -- past, present and future
   d) Pain and suffering -- past, present and future
   e) Loss of enjoyment of life -- past, present and future
   f) Permanent injury and loss of use – past, present, and future.
   g) Loss of consortium.

11. Plaintiff James B. Moore demands judgment against the Defendants BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC, in the amount of $50,000.00, consequential, incidental damages, but not limited to:

   a) Medical expenses -- past, present and future
   b) Loss of wages -- past, present and future

   c)  Loss of consortium.

12. That Plaintiffs, Elizabeth Moore and James B. Moore, demand judgment against the Defendants BrightView Holdings, Inc., BrightView Enterprise Solutions, LLC, BrightView Landscape Development, Inc., BrightView Landscape Services, Inc. and BrightView Landscapes, LLC, in the amounts of $500,000.00 and $50,000 respectively, and request a jury to try this cause.

13. That this Court award such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

_(signature)_

Ben L. Daniel, No. 16049
Attorney for Plaintiff
145 Court Avenue #201
Memphis, Tennessee 38103
901-525-5555 (phone)
901-525-7642 (fax)
Ben@DanielLawFirm.com